SAMUEL ATKINS, PLAINTIFF-APPELLEE, v. HUMPHREY PRICE AND ROBERT S. PRICE, TRADING AS PRICE BROTHERS, DEFENDANTS-APPELLANTS.

Decided January 4, 1929.

Before Justices Trenchard, Kalisch and Lloyd.

For the appellants, *Kellogg & Chance.*

For the appellee, *Feinberg & Feinberg.*

Per Curiam.

The prime question raised on this appeal is whether the testimony adduced in the cause was sufficient in law, to entitle the plaintiff to have the facts of the case submitted to a jury for its determination.

There was a motion for a nonsuit and a motion for a directed verdict for the defendant, both of which motions were denied, and we think properly so.

If the plaintiff's version of the happening of the accident is true, then the appellant's driver was guilty of negligence. On the other hand, if the testimony of the driver of appellant's truck is true, then there was no negligence on his part, and the accident was solely the result of the plaintiff's negligence.

According to the plaintiff's story he was proceeding south with his car on Arlington avenue at a speed of about fourteen miles an hour, at five-forty o'clock, or thereabouts in the evening, at which time it was dark, and when he had reached

the corner of Union street, he says he looked to his right and could see about twenty feet, and seeing no vehicle or person approaching, he continued his course across, and when the front end of his car was past the south corner of Union street, appellant's truck, without any lights, came out of the street and crashed into the rear end of the plaintiff's car with such force as to carry it completely across the street against a telephone pole.

Now, if this story be true it is difficult to perceive on what reasonable theory any negligence can be attributed to the plaintiff, either as a matter of law or of fact.

The testimony of the driver of appellant's truck is to the effect that he was operating the truck at about four miles an hour, and upon reaching the intersection of Union street and Arlington avenue, stopped and looked both ways; that he saw a car a block away from his left and thereupon continued to proceed across Arlington avenue; that he was about three-quarters across Arlington avenue when he was hit by the plaintiff's automobile, sideways.

Of course, if the accident happened as testified to by appellant's driver, then there was no negligence on his part, and any injury which the plaintiff sustained was solely due to his own carelessness.

These diverse statements as to how the accident happened raised a question of credibility of the witnesses, which question was pre-eminently one for the jury to decide. There is nothing contained in the plaintiff's testimony which allowed a permissible inference to be drawn that he was guilty of negligence contributing to his injury, because he did not discover in the dark a truck which had no lights upon it coming out of the intersecting street, before he started to cross with his automobile. At most it was a jury question.

Judgment is affirmed, with costs.